**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| RUSSELL L. PREWITT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:14-cv-00061-TWP-WGH |
| | ) |
| DANIEL RODDEN, Sheriff, | ) |
| RICK ELLIOTT, Director of Corrections, | ) |
| T. HARBIN, Classifications, | ) |
| DENISE BROOKS, Nurse Practitioner, | ) |
| MIKE HAMMOND, Nurse, | ) |
| HOWARD, Officer, 1st Shift Supervisor (Food Services), | ) |
| KEVIN BRANHAM (2nd Shift Supervisor (Food Services), and | ) |
| L. STEPHENS, Witness, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON COMPLAINT, DISMISSING INSUFFICIENT CLAIMS, AND DIRECTING FURTHER PROCEEDINGS

### I. BACKGROUND

Plaintiff Russell L. Prewitt ("Mr. Prewitt") is currently incarcerated at the Plainfield Correctional Facility but his complaint alleges claims that arose while he was confined at the Clark County Jail ("the Jail"). This civil rights complaint is brought pursuant to 42 U.S.C. § 1983. Mr. Prewitt has paid the initial partial filing fee. The complaint is now subject to the screening required by 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Mr. Prewitt names eight (8) defendants: 1) Sheriff Daniel Rodden; 2) Director of Corrections Rick Elliott; 3) T. Harbin; 4) Nurse Practitioner Denise Brooks; 5) Nurse Mike Hammond; 6) Officer Howard; 7) Officer Kevin Branham; and 8) L. Stephens. He seeks $1.5 million in damages and requests that the employment of certain defendants be terminated.

## II. **CLAIMS ASSERTED**

Mr. Prewitt's first claim is based on the fact that he requires a special diet because he has stomach ulcers and cannot have spicy foods. To accommodate this need, the food service staff, Officer Howard and Kevin Branham, substitute items such as Polish sausage and chili with peanut butter sandwiches, lima beans, and/or beets. Mr. Prewitt alleges that these repetitive meals are not physically consumable and have resulted in rapid weight loss. Jails have an obligation to "provid[e] nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir.1985) (internal quotation omitted). Mr. Prewitt's allegations reveal that the Jail food staff have avoided giving him spicy foods. He does not allege that the meals lack sufficient calories and nutrition. In addition, his allegation that Nurse Practitioner Denise Brooks said "We will do the best that we can do, remember this is not a five-star hotel," does not state any viable claim. He has alleged no immediate danger to his health and, therefore, this claim asserted against Officer Howard, Kevin Branham, and Denise Brooks is **DISMISSED** for failure to state a claim upon which relief can be granted.

Mr. Prewitt's second claim is that he was placed in administrative segregation for 27 days after he was involved in a fight with other inmates. He alleges that he sustained "superficial

injuries" but was not taken to the medical unit because no medical staff were available. None of these allegations rise to the level of a constitutional violation.

Although the complaint names Sheriff Daniel Rodden and the Director of Corrections Rick Elliott as defendants, Mr. Prewitt does not allege that they personally participated in any wrongdoing. Mr. Prewitt alleges that they were negligent in performing an adequate investigation into Sgt. T. Harbin's conduct, but negligence does not support a constitutional claim. See *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005). Without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). Accordingly, any claims against Sheriff Rodden and Rick Elliott are **DISMISSED** for failure to state a claim upon which relief can be granted.

The complaint alleges no wrongdoing on the part of Mike Hammond and L. Stephens, who are listed as "witnesses." L. Stephens was allegedly ordered to remove Mr. Prewitt from the Jail section after the assault. Any claims against Mr. Hammond and L. Stephens are **DISMISSED** for failure to state a claim upon which relief can be granted.

Finally, Mr. Prewitt alleges that Sgt. T. Harbin placed him in physical danger on January 4, 2014, when she announced to his Jail section that it would remain on lock down, the television would remain turned off, and the section would not receive commissary for additional weeks because "someone wants to file grievances/civil suits against the jail conditions." Prior to that announcement Sgt. T. Harbin allegedly told Mr. Prewitt that because Mr. Prewitt wanted to file

grievances, his section would stay on lockdown with no television or commissary. He further alleges that on January 9, 2014, four offenders confronted him and told him to either move out of the section or get assaulted because of his grievance filings. Mr. Prewitt alleges that he was then assaulted. **This claim of retaliation and placing Mr. Prewitt at a substantial risk of harm asserted against Sgt. T. Harbin shall proceed.**

No partial final judgment shall issue at this time as to the claims that are dismissed in this Entry.

### III. CONCLUSION

The Clerk shall **issue and serve process** on defendant Sgt. T. Harbin in the manner specified by Federal Rule of Civil Procedure 4(d)(2). Process in this case shall consist of the Complaint filed on July 7, 2014, applicable forms, and this Entry.

**SO ORDERED.**

Date: 9/25/2014

_Hon. Tanya Walton Pratt, Judge_
United States District Court
Southern District of Indiana

DISTRIBUTION:

Russell L. Prewitt, #864386
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, Indiana 46168

Sgt. T. Harbin
Clark County Jail
501 E. Court Ave.
Jeffersonville, Indiana 47130

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.